UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 1, 2019

LETTER TO COUNSEL:

    RE:    *Carolyn G. v. Nancy A. Berryhill, Acting Commissioner of Social Security*
              Civil No. TJS-18-0199

Dear Counsel:

On January 22, 2018, Plaintiff Carolyn G.[1] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 17 & 22.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her applications for SSI and DIB, Carolyn G. alleged a disability onset date of September 9, 2009. (Tr. 234.) Her applications were denied initially and on reconsideration. (Tr. 167-70, 176-78.) A hearing was held before an Administrative Law Judge ("ALJ") on May 26, 2016, (Tr. 87-126), and the ALJ found that Carolyn G. was not disabled under the Social Security Act (Tr. 11-27). The Appeals Council denied Carolyn G.'s request for review (Tr. 1-4), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Carolyn G.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Carolyn G. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since October 11, 2013. (Tr. 13.) At step two, the ALJ found that Carolyn G. suffered from the following severe impairments: major depressive disorder, anxiety disorder, coronary artery disease, and obesity. (*Id.*) At step three, the ALJ found Carolyn G.'s impairments, separately and

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On February 28, 2019, the case was reassigned to me.

in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 14.) The ALJ determined that Carolyn G. retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except that the claimant can occasionally climb ramps or stairs; can never climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to heat, cold, and humidity; is limited to simple, routine tasks; can occasionally interact with supervisors and coworkers; and can never interact with the public.

(Tr. 17.)

At step four, the ALJ determined that Carolyn G. is unable to perform any past relevant work. (Tr. 25.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Carolyn G. can perform, including mail clerk, light cleaner, and garment sorter. (Tr. 26-27.) Therefore, the ALJ found that Carolyn G. was not disabled under the Social Security Act. (Tr. 27.)

Carolyn G.'s sole argument in this appeal is that the ALJ's RFC determination does not take into account her moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Carolyn G.'s moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis. The ALJ noted that Carolyn G. has "moderate difficulties" in the area of concentration, persistence, and pace. (Tr. 15.) Later in the opinion, the ALJ discussed the May 5, 2014, mental consultative examination by Dr. Robert Ganter. (Tr. 24.) The ALJ summarized Dr. Ganter's findings, including his statement that Carolyn G. "has memory problems that interfere with sustained concentration," and gave the opinion significant weight. (*Id.*)

However, the ALJ's RFC assessment does not account for these moderate limitations. The RFC assessment limits Carolyn G. to performing work involving "simple, routine tasks." (Tr. 17.) Limiting Carolyn G. to work that involves only "simple, routine tasks" does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Carolyn G. might be able to perform simple, routine tasks for a short period of time but unable to sustain her performance for a full workday and workweek. *See McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's

ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace).

The Acting Commissioner argues that this case is distinguishable from *Mascio* because the ALJ "provided the explanation that was lacking in *Mascio*." (ECF No. 22-1 at 5.) The Acting Commissioner notes that the ALJ provided "a detailed analysis of Plaintiff's mental limitations," and an "in-depth discussion of the findings of the consultative examiners" who concluded that Plaintiff "had no difficulties with concentration or short-term memory." (*Id.* at 5-6.) The ALJ may have adequately summarized the evidence of record, but the decision does not contain the explanation required by *Mascio*. The ALJ found that Carolyn G. had moderate difficulties in concentration, persistence, and pace. The ALJ's summary of the evidence related to Carolyn G.'s mental difficulties and the opinions of consultative examiners (who found that she did not have difficulties with concentration or short-term memory) does not substitute for an explanation as to why additional limitations were not included in the RFC, as required by *Mascio*. *See Talmo v. Comm'r, Social Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, \*3 (D. Md. May 19, 2015) ("[T]he issue . . . is not whether the record contains evidence that might support the ALJ's conclusions; it is whether the ALJ explained the apparent discrepancy between her step three finding and her RFC assessment.").

The Acting Commissioner also cites cases where courts have found that "a limitation to 'simple, routine, repetitive work tasks' can suffice to accommodate moderate difficulties in concentration, persistence, or pace" where the ALJ provides the explanation required by *Mascio*. (*Id.* at 7.) But here the ALJ did not explain why the RFC did not include limitations related to Carolyn G.'s difficulties in maintaining concentration, persistence, and pace. That ALJs in other cases offered such explanations does not bring the ALJ's decision in this case into compliance with the clear dictates of *Mascio*.

For instance, in *Dean v. Comm'r, Social Sec. Admin*, No. SAG-14-1127, 2015 WL 1431548, \*1-2 (D. Md. Mar. 26, 2016), Judge Gallagher held that an "ALJ provided a clear explanation of the reason for assessing a moderate limitation in the first place, and then a clear explanation of why, despite that moderate limitation, the claimant would not have issues persisting in a given task." *Claiborne v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1918, 2015 WL 2062184, at \*3 (D. Md. May 1, 2015) (distinguishing *Dean*). But the Court's analysis in *Dean* is distinguishable from this case for the same reasons that it was in *Claiborne*. *See also Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at \*2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace.")

Based on this record, the Court is unable to find that the RFC determination by the ALJ represents an accurate characterization of Carolyn G.'s ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). The ALJ's decision is insufficient to permit adequate review. Without additional explanation by the ALJ, the Court is unable to review the ALJ's

findings to determine whether they are supported by substantial evidence and without legal error.

Considering the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Carolyn G.'s difficulties in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Carolyn G's moderate difficulties in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate finding that Carolyn G. is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 22) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge